IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IDRIS ABDUS-SHAHID           *

   Plaintiff                *

v.                           *           Civil No.: BPG-22-2367

                            *

MAYOR & CITY COUNCIL
OF BALTIMORE, et al.         *

   Defendants               *

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Currently pending before the court are Defendant's Partial Motion to Dismiss the Amended Complaint ("defendant's Partial Motion") (ECF No. 20), and plaintiff's Response to Defendant's Partial Motion to Dismiss the Amended Complaint ("plaintiff's Response") (ECF No. 23). Also pending before the court is Defendant's Motion for a More Definite Statement ("defendant's Motion") (ECF No. 26), to which plaintiff did not respond. The issues are fully briefed and no hearing is necessary. Loc. R. 105.6. For the reasons stated herein, defendant's Motion for a More Definite Statement (ECF No. 26) is granted and defendant's Partial Motion to Dismiss (ECF No. 23) is denied.

**I.   BACKGROUND**

Plaintiff, an African American Muslim man, is employed by defendant Mayor & City Council of Baltimore as a Construction Supervisor II. (ECF No. 18 ¶¶ 1, 9). In April 2020, defendant Bimal Devkota assigned plaintiff to the Project Manager position for "Operation Orange Cone." (Id. ¶ 7). Project Manager positions are classified as "Engineer IIs," such that plaintiff, a Construction Supervisor II, alleges he was entitled to out of title pay upon his appointment to

Operation Orange Cone.  (Id. ¶ 8, 11-13).  On October 9, 2020, plaintiff formally requested out of title pay from Mr. Devkota.  (Id. ¶ 15).  Plaintiff alleges that Mr. Devkota denied his request because of plaintiff's skin color and race, and attributes the denial to the fact that Mr. Devkota is "a Hindu of Indian de[s]cent who appears to be influenced by the Indian cast[e] system."  (Id. ¶¶ 15-16).  On October 26, 2020, plaintiff filed a grievance with the Department of Transportation, claiming that Mr. Devkota denied him out of title pay and lowered his Paid for Performance evaluation without just cause.  (Id. ¶ 20).  Following the filing of his grievance, plaintiff requested a first and second step meeting with Mr. Devkota as required by the grievance procedure, but Mr. Devkota refused to participate.  (Id. ¶¶ 21, 22).  Plaintiff alleges that Mr. Devkota repeatedly interfered with his grievance meetings in violation of the grievance procedure.  (Id. ¶¶ 22, 28).

On February 2, 2021, Mr. Devkota issued a disciplinary action against plaintiff for failure to communicate and poor performance.  (Id.)  In response, on February 4, 2021, plaintiff filed a second grievance with the Department of Transportation, claiming that Mr. Devkota's disciplinary action was frivolous.  (Id. ¶ 24).  On February 24, 2021, plaintiff filed a third grievance with the Department of Transportation alleging "interference, harassment, and discrimination during his grievance procedure."  (Id. ¶ 26).  On March 22, 2021, Mr. Devkota filed a second disciplinary action against plaintiff for failure to communicate and poor performance.  (Id. ¶ 29).

In preparation for meetings with the Equal Employment Opportunity Commission, Office of the Labor Commissioner, and Office of the Inspector General, plaintiff contacted a white Construction Project Supervisor II and an employee of Indian descent and asked if they would testify about the discrimination plaintiff alleges he experienced.  (Id. ¶¶ 30-31).  On May 9, 2021, plaintiff alleges that Mr. Devkota retaliated against him for contacting these employees by assigning plaintiff to work for an individual who plaintiff alleges has discriminated against him in

the past by telling plaintiff that he cannot perform Islamic prayers during the work day or on City property.  (Id. ¶32).  Following the transfer, between the period from May 12, 2021 to January 24, 2022, plaintiff submitted over thirteen transfer requests, which he alleges defendant ignored for more than five months before eventually denying his request.  (Id. at 33, 35).  Plaintiff further alleges that a white woman who sought a similar transfer was transferred "within days [and] given three (3) week[s] paid leave for the stress she endured."  (Id. ¶ 34).

On September 15, 2021, plaintiff filed a grievance with the Department of Human Resources and the Office of the Inspector General, claiming "harassment, discrimination, and hostile work environment."  (Id. ¶ 36).  On September 28, 2021, Mr. Devkota filed two additional disciplinary actions against plaintiff, which resulted in two, five-day suspensions.  (Id. ¶ 37).  The same day, plaintiff filed another grievance to have the suspensions rescinded.  (Id. ¶ 38).  On October 27, 2021 and December 6, 2021, the first and second suspensions were overturned by the Office of the Labor Commissioner.  (Id. ¶¶ 39-40).  On February 4, 2022, plaintiff filed a complaint of "discrimination and harassment" with a number of entities, including "DOT-HR, DHR, [p]laintiff's Chain of Command and [ ] the Mayor's Office."  (Id. ¶ 41).  Despite this, plaintiff alleges that he continued to face discrimination at the hands of Mr. Devkota, including that Mr. Devkota instructed plaintiff to return to the office during the COVID-19 pandemic, although "all other Senior Staff members had the option to work from home."

On May 11, 2022, plaintiff alleges that Mr. Devkota "used his position, power, and influence" and demanded and coerced plaintiff into accepting a proposed settlement agreement by threatening to deprive plaintiff of his constitutional right to due process if he did not accept defendant's settlement agreement within 24 hours.  (Id. ¶¶ 45-46).  On May 17, 2022, plaintiff alleges that Mr. Devkota had plaintiff's "third Step grievance officially waived."  (Id. ¶ 47).

3

Plaintiff's right to sue letter was issued on June 27, 2022. (Id. ¶ 48). On September 16, 2022, plaintiff filed suit in this court against defendants Mayor & City Council of Baltimore and the Baltimore City Department of Transportation. (ECF No. 1). An Amended Complaint was filed on December 2, 2022, against defendants Mayor & City Council of Baltimore and Bimal Devkota. (ECF No. 18). Plaintiff asserts five counts against defendants: (I) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq; (II) retaliation in violation of plaintiff's civil rights pursuant to 42 U.S.C. § 1981; (III) negligence; (IV) negligent supervision; and (V) respondeat superior liability. (Id.) Defendant moves to dismiss Counts III and IV of plaintiff's Amended Complaint (ECF No. 20), and for a more definite statement as to the capacity in which Mr. Devkota is being sued. (ECF No. 26).

## II.  STANDARD OF REVIEW

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When ruling on such a motion, the court must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true" and "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." Id. at 244. Nonetheless, "[t]he mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Rather, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678 (internal citation and quotation marks omitted). A plaintiff satisfies this standard not by forecasting evidence sufficient to prove the elements of the claim, but

by alleging sufficient facts to establish those elements. Walters, 684 F.3d at 439. Accordingly, "while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.  DISCUSSION

Defendant moves for a more definite statement, arguing that plaintiff's failure to specify whether he is suing Mr. Devkota in his individual or official capacity prevents Mr. Devkota from answering or otherwise responding to plaintiff's Amended Complaint. (ECF No. 26). Plaintiff offers no response to defendant's Motion for a More Definite Statement. Defendant also moves to dismiss Counts III and IV of plaintiff's Amended Complaint alleging negligence and negligent supervision, respectively, on the basis that plaintiff failed to provide notice as required by the Local Government Tort Claims Act ("LGTCA"). (ECF No. 20). Plaintiff responds that he substantially complied with the notice provisions, and in the alternative, that good cause exists for his failure to comply. (ECF No. 23).

### A. **Defendant's Motion for a More Definite Statement**

Defendant moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 26). Specifically, defendant argues that because it is unclear from plaintiff's Amended Complaint whether Mr. Devkota is being sued in his individual or official capacity, defendant cannot respond to the claims against Mr. Devkota. (ECF No. 26-1 at 3). Rule 12(e) provides, in relevant part: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." The decision to grant a Rule

12(e) motion is "generally left to the district court's discretion." Hodgson v. Va. Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973).  Courts have noted that these motions are "disfavor[ed]" and should be "rarely granted." Maryland v. Exxon Mobile Corp., 406 F. Supp. 3d 420, 479-80 (D. Md. 2019) (citation omitted).  Where the defendant does not have "enough information to frame an adequate answer," however, an order for a more definite statement is appropriate. 68th Street Work Group v. 7-Eleven, Inc., No. SAG-20-3385, 2021 WL 2531176, at *1 (D. Md. June 21, 2021) (quoting Re/Max v. Underwood, No. WDQ-10-2367, 2011 WL 2118911, at *2 (D. Md. May 25, 2011)).  Here, defendant's Motion clearly articulates the defect in plaintiff's Amended Complaint and the details needed.  Defendant's Motion seeks clarification only as to the capacity in which Mr. Devkota is being sued.  (ECF No. 26-1 at 3).  Defendant contends that this information is necessary to determine whether Mr. Devkota can be represented by counsel for defendant Mayor & City Council of Baltimore.  (Id.)  Plaintiff offers no argument in response.  In light of the fact that defendant's request is narrow and specific, and in the absence of any response from plaintiff, the court grants defendant's Motion for a More Definite Statement (ECF No. 26).  Plaintiff is granted leave to file a Second Amended Complaint which should clearly identify the capacity in which Mr. Devkota is being sued.

     **B. Defendant's Partial Motion to Dismiss**

Defendant moves to dismiss plaintiff's negligence (Count III) and negligent supervision (Count IV) claims for failure to comply with the notice provision of the Local Government Tort Claims Act ("LGTCA").  (ECF No. 20-1 at 3).  Plaintiff responds that he provided the required notice on September 7, 2022, and pled compliance in his Amended Complaint.  (ECF No. 23 at 1).  Pursuant to the LGTCA, a plaintiff must give local government defendants notice of state law claims within one year of the injury. Md. Code Cts. & Jud. Proc. § 5-304(b)(1).  "The notice shall

be in writing and shall state the time, place, and cause of the injury." Id. § 5-304(b)(2). "The purpose of the notice requirement is to apprise local governments of possible liability at a time when they can conduct their own investigation into the relevant facts, while evidence and the recollection of witnesses are still fresh." Watson v. City of Aberdeen, No. JKB-15-0307, 2015 WL 2174885 (D. Md. May 8, 2015) (quoting Hansen v. City of Laurel, 996 A.2d 882, 891 (Md. Ct. Spec. App. 2010)). "Compliance with the LGTCA is a condition precedent to maintaining suit against a local government." Edwards v. Montgomery College, TDC-17-3802, 2018 WL 4899311, at *8 (D. Md. Oct. 9, 2018) (citing Rios v. Montgomery Cnty., 872 A.2d 1, 14 (Md. 2005)). "As a result, a plaintiff is required, in the complaint, to plead compliance with the notice provision of the LGTCA." Id. "Failure to so plead subjects a plaintiff's claims to dismissal." Hispanic Nat'l Law Enforcement Ass'n NCR v. Prince George's Cnty., No. TDC-18-3821, 2020 WL 903205, at *6 (D. Md. Feb. 25, 2020) (citing Hansen v. City of Laurel, 25 A.3d 122, 137 (Md. 2011)).

In the Amended Complaint, plaintiff alleges compliance with the notice provision of the LGTCA by letter delivered on September 7, 2022 ("the September 7 letter"). (ECF No. 18 ⁋ 49). The September 7 letter reads as follows:

> Please be advised that I have been retained to represent [plaintiff] in the negligent [sic] and/or negligent supervision that arose from the discrimination, retaliation, and harassment of the City of Baltimore and its' [sic] agents from September 2021 to present . . . . This letter serves as notice pursuant to the Maryland Torts Claim Act.

(ECF Nos. 20-2, 23-6 at 2). Plaintiff contends that the September 7 letter satisfied the requirement that notice be given as to the "time, place, and cause of the injury" by stating that: (1) the injury occurred in the period "from September 2021 until present" (ECF No. 23 ⁋ 8); (2) the letter implied that the injury occurred in the City of Baltimore (Id.); and (3) plaintiff's injury "arose from the discrimination, retaliation, and harassment" of the City and its agents. (Id.) Defendant counters

7

that the September 7 letter failed to provide adequate notice of the factual circumstances giving rise to plaintiff's injury.  (Id. at 4-5).

The September 7 letter adequately states the time, place, and circumstances of plaintiff's state law claims.  See Morey v. Carrol Cnty., No. ELH-17-2250, 2018 WL 2064782, at *22 (D. Md. May 3, 2018) (compliance with the LGTCA requires "timely notice of facts and circumstances giving rise to the claim") (internal citation omitted).  Plaintiff's letter, while brief, provided adequate details of the claim, including the timeframe in which the alleged incidents were to have occurred, the location of the alleged injury, and the cause of plaintiff's alleged injury.  From plaintiff's letter, defendant was on notice that plaintiff claimed negligence and negligent supervision as a result of "discrimination, retaliation, and harassment," by "the City of Baltimore and its[] agents," on an ongoing basis, beginning in September 2021.  (ECF No. 20-2).  Further, plaintiff's notice was provided in a timely manner, while the alleged unlawful conduct was still ongoing.  (Id.)  Thus, plaintiff's letter provided sufficient notice to allow defendant to investigate plaintiff's claims.  Faulk v. Ewing, 808 A.2d 1262, 1274 (Md. 2002) ("[s]ubstantial compliance turns on ensuring that the County [or local government] has sufficient actual notice to perform a proper and timely investigation.") (internal citation omitted).[1]  Accordingly, defendant's Partial Motion to Dismiss (ECF No. 20) is denied.

## IV. CONCLUSION

For the foregoing reasons, defendant's Motion for a More Definite Statement (ECF No. 26) is granted and defendant's Partial Motion to Dismiss (ECF No. 20) is denied.  Plaintiff is

---

[1] Plaintiff argues, in the alternative, that even if he failed to comply with the notice requirement, he has established good cause to justify that failure and defendant cannot demonstrate prejudice because he "made a genuine mistake if and when [he] omitted pertinent facts to provide [d]efendant sufficient notice."  (ECF No. 23 ¶¶ 14-15).  Where plaintiff is otherwise unable to meet the notice requirement of the LGTCA, the court may grant a waiver of the notice requirement "upon motion and for good cause shown."  Md. Code Cts. & Jud. Proc. § 5-304(d).  No motion for waiver of the notice requirement has been filed, and in light of the court's ruling, the court need not consider whether good cause exists.

granted leave to file a Second Amended Complaint setting forth the capacity in which defendant Mr. Devkota is being sued, by no later than June 26, 2023.

Date: June 16, 2023                                    /s/_____
                                                                                    Beth P. Gesner
                                                                                    Chief United States Magistrate Judge